UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV _____

| | |
|---|---|
| Marion Rice,<br><br>       Plaintiff,<br>vs.<br><br>Viking Collection Service, Inc.,<br><br>       Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1332 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Marion Rice is a natural person who resides in the City of Eden Prairie, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Viking Collection, Inc. (hereinafter "Defendant") is a Minnesota corporation operating from an address at 7500 Office Ridge Circle, Eden Prairie, MN  55344 and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

5. Sometime prior to September 2007, Plaintiff incurred a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), with Chase Manhattan.

6. Chase Manhattan then transferred the debt to Defendant for collection.

7. Plaintiff is an 80 year-old woman.

8. On or about September 7, 2007, Defendant's agent Kevin Taylor called Plaintiff.

9. Plaintiff immediately informed Defendant that she was represented by an attorney and attempted to provide the name of her counsel.

10. When she attempted to provide the name of her attorney Plaintiff became flustered and could not remember the last name of her attorney.

11. Defendant immediately began to berate and abuse Plaintiff for being unable to remember her attorney's last name, in violation of 15 U.S.C. § 1692d.

12. Defendant's conduct humiliated Plaintiff.

13. Defendant then began interrogating her about other information on her credit report and making fun of her inability to pay her bills.

14. Plaintiff was reduced to tears as she tried to explain to that she would have her attorney call Defendant as soon as possible.

15. However Defendant's agent would not let her go and continued to maliciously torment her about how having an attorney did not exonerate her or protect her from her debts.

16. Plaintiff, confused and upset, finally ended the horrible conversation by hanging up the telephone.

17. Plaintiff then called her daughter and described her startling and confusing event with Defendant's harassing and oppressive agent.

18. Plaintiff then wrote a letter instructing Defendant to cease all contact with her.

19. Defendant also failed to provide Plaintiff with an initial letter providing Plaintiff with her rights pursuant to 15 U.S.C. § 1692g.

20. Defendant's conduct caused Plaintiff to experience fear, anxiety and confusion and actual damages.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages in the form of a lower credit score, and out-of-pocket expenses, including

but not limited to costs of obtaining credit reports, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant for Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated this 31st day of October, 2007.

**CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
tommycjc@aol.com

Attorney for Plaintiff

4

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
                                   ) ss
COUNTY OF <u>CARVER</u> )

      I, Marion Rice, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                 s/Marion Rice
                                                 Marion Rice

Subscribed and sworn to before me
this <u>19</u> day of October, 2007.

s/Lois M. Tiggelaar
Notary Public